IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGGREKO LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. _____ |
| vs. | § | |
| | § | ADMIRALTY |
| BERNUTH AGENCIES, INC., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendant

Bernuth Agencies, Inc. ("Bernuth") hereby gives notice that the above-captioned action pending

in the 125th District Court of Harris County, Texas is hereby removed to the United States

District Court for the Southern District of Texas – Houston Division.  In support of removal,

Bernuth states the following:

## STATE COURT ACTION

1.      On or about June 2, 2014, Plaintiff Aggreko LLC ("Aggreko") filed an action

against Bernuth in the 125th District Court of Harris County, Texas styled *Aggreko LLC v.*

*Bernuth Agencies, Inc., Case No. 2014-31378* (the "State Court Action").

2.      The claim against Bernuth is (or arises under) a marine contract dispute involving

the interpretation of and/or amounts due under a contract for furnishing services, supplies and/or

accessories to a vessel.  Aggreko alleges causes of action for sworn account, breach of contract

and unjust enrichment.

3.      Upon information and belief, Plaintiff Aggreko purportedly served Bernuth with

the State Court Action on June 24, 2014, by service on the Texas Secretary of State.  However,

Bernuth did not receive a copy of the citation and Petition until July 3, 2014, the date of actual

receipt of formal service by Defendant Bernuth of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b).

4.      No responsive pleadings have been filed by Bernuth in the State Court Action,

and Bernuth will timely file its Answer or responsive pleading to Plaintiff's Original Petition

with this Court in compliance with FED. R. CIV. P. 81(c).

### JURISDICTIONAL BASIS FOR REMOVAL

5.      Aggreko's claims against Bernuth arise out of a maritime contract for or relating

to the furnishing services, supplies and/or accessories to a vessel.  *See, e.g. Buck Kreihs Co., Inc.

v. Int'l Marine Carriers, Inc*., 741 F.Supp. 1249, 1252 n. 2 (E.D. La. 1990) ("a contract …to

furnish supplies or accessories to a vessel is maritime in nature and, thus, is within the admiralty

jurisdiction of this Court."); *Compania Argentina De Navegacion Dodero v. Atlas Maritime

Corp*., 144 F.Supp. 13, 14 (S.D.N.Y. 1956) ("…contractors …for supplies for a particular ship

have been held to be within the maritime jurisdiction of the Federal Courts.").

6.      Because Aggreko's claims are based on a maritime contract, this Notice of

Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333 and 1441(a).  A

federal court's authority to hear cases in admiralty flows initially from the Constitution, which

"extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction."  U.S.

Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513

U.S. 527, 531 (1995).  "Congress has embodied that power in a statute giving federal district

courts in a statute giving federal district courts 'original jurisdiction . . . of . . . [a]ny civil case of

admiralty or maritime jurisdiction . . . .'" 28 U.S.C. § 1331(1); *see also Grubart*, 513 U.S. at 531

7.      Before January 2012, courts interpreted 28 U.S.C. § 1441(a) to mean that a claim

within the admiralty jurisdiction could be removed only when there was a separate basis for

federal jurisdiction.  But 28 U.S.C. § 1441 was amended in 2011 as part of the Federal Courts

Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63.  The 2011 amendment removes the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases.  *See*, *e.g.*, *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014) (Werlein, J.) (following *Ryan*); *Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (Rosenthal, J.) (same).

8.      Section 1441(a) currently states:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Accordingly, the instant case is removable because Plaintiff asserts a claim based on or arising out of a maritime contract, which is a claim within the original jurisdiction of this Court.

9.      Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Bernuth may have to Aggreko's action, jurisdictional or otherwise, Bernuth removes this action from the 125th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

## VENUE IS PROPER IN THIS COURT

10.     The United States District Court for the Southern District of Texas – Houston Division embraces the county in which the State Court Action was filed.  Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

11.     The State Court Action was filed on or about June 2, 2014.  Upon information and belief, Plaintiff served Bernuth by service on the Texas Secretary of State on June 24, 2014.

2300591-1                                3

However, Bernuth did not receive a copy of the Citation and Petition until July 3, 2014.  Case law recognizes that "[w]hen service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives the process."  *Perio v. Titan Maritime, LLC*, 2013 U.S. Dist. LEXIS 145229 (S.D. Tex. Oct. 8, 2013) (Judge Sim Lake); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp.2d 988, 991 (S.D. Tex. 1998); *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 480-81 (4th Cir. 2004).  Thus, this Notice of Removal is timely pursuant to 28 U.S.C. 1446(b).

### CONSENT TO REMOVAL BY CO-DEFENDANTS UNNECESSARY

12.     Bernuth is the sole defendant named in the State Court Action.

### OTHER MATTERS

13.     Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

14.     A true and correct copy of this Notice of Removal will be filed with the District Clerk for the 125th District Court of Harris County, Texas, as required by the provisions of 28 U.S.C. § 1446(d).  Bernuth is providing the 125th District Court of Harris County, Texas with written notice of this removal.

15.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judge (if any), a copy of the docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as **Exhibit A**.

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Aggreko's counsel and a copy is being filed with the Clerk of the District Court of Harris County, Texas.

WHEREFORE, Bernuth Agencies, Inc. hereby removes this action to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted,

*/s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Attorney-in-Charge
Texas State Bar No. 07805100
Federal I.D. No. 2805
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Katharine R. Colletta
Texas State Bar no. 24053149
Federal I.D. No. 725375
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:     713-546-9800
Facsimile:      713-546-9806
Email:          georgantas@chaffe.com
                 walters@chaffe.com
                 colletta@chaffe.com

ATTORNEYS FOR DEFENDANT,
BERNUTH AGENCIES, INC.

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of July, 2014, I served a true and correct copy of the foregoing Notice of Removal pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF Filing System and/or via facsimile and/or via electronic mail to all known counsel of record:

Don M. Barnett
Matias E. Garcia
Sean S. Homrig
Lawrence J. Falli
BARNETT & GARCIA
3821 Juniper Trace, Suite 108
Austin, Texas 78738
Facsimile:      512-266-8803
Email:           don@barnettgarcia.com

*/s/ Kevin P. Walters*
Kevin P. Walters