# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGGREKO LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. ________ |
| vs. | § | |
| | § | ADMIRALTY |
| BERNUTH AGENCIES, INC., | § | |
| | § | |
| Defendants. | § | |

**LIST OF COUNSEL OF RECORD**

Counsel for Plaintiff:

Don M. Barnett
Matias E. Garcia
Sean S. Homrig
Lawrence J. Falli
BARNETT & GARCIA
3821 Juniper Trace, Suite 108
Austin, Texas 78738
512-266-8830 Telephone
512-266-8803 Facsimile
Email: don@barnettgarcia.com

Counsel for Defendant:

Dimitri P. Georgantas
Kevin P. Walters
Katharine R. Colletta
CHAFFE MCCALL, L.L.P.
801 Travis Street, Suite 1910
Houston, Texas 77002
713-546-9800 Telephone
713-546-9806 Facsimile
Email: georgantas@chaffe.com
walters@chaffe.com
colletta@chaffe.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGGREKO LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. ________ |
| vs. | § | |
| | § | ADMIRALTY |
| BERNUTH AGENCIES, INC., | § | |
| | § | |
| Defendants. | § | |

**INDEX OF MATERIALS ATTACHED TO NOTICE OF REMOVAL**

| **No.** | **Date Filed/Entered** | **Document Description** |
|---|---|---|
| 1. | N/A | List of Counsel of Record |
| 2. | N/A | State Court Docket Sheet |
| 3. | June 2, 2014 | Plaintiff's Original Petition |
| 4. | June 2, 2014 | Civil Case Information Sheet |
| 5. | June 9, 2014 | Civil Process Pick-Up Form |

Harris County Docket Sheet

# 2014-31378

**COURT:** 125th

**FILED DATE:** 6/2/2014

**CASE TYPE:** DEBT

**AGGREKO LLC**

Attorney: BARNETT, DONALD M.

vs.

**BERNUTH AGENCIES INC**

Unofficial Copy Office of Chris Daniel District Clerk

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

6/2/2014 4:07:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No. 1421918
By: Nelson Cuero

2014-31378 / Court: 125

CAUSE NO. ______________

| | | |
|---|---|---|
| AGGREKO LLC, PLAINTIFF, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BERNUTH AGENCIES, INC., DEFENDANT. | § | |
| | § | ____JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, **AGGREKO LLC** (also referred to as "Plaintiff"), complaining of **BERNUTH AGENCIES, INC.**, (also referred to as "Defendant"), and files this its Original Petition and for cause of action will respectfully show the Court the following:

1. *Discovery Level.* Discovery is intended to be conducted under Level 1, as provided by Rule 190.2, Texas Rules of Civil Procedure.

2. *Parties.* Plaintiff is **AGGREKO LLC**, whose address is in care of Barnett & Garcia, PLLC, 3821 Juniper Trace, Suite 108, Austin, Texas 78738.

Defendant, **BERNUTH AGENCIES, INC.**, a foreign corporation organized and existing under the laws of the State of Florida, whose home office address is 3201 NW 24th Street, Miami, Florida, 33142, may be served with process by delivering a citation and a copy of this petition to the **Secretary of State of Texas, Capitol Station, Austin, Texas 78711**, as its agent for service. Defendant engaged or engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, and this proceeding arises out of Defendant's business done in this state. Specifically, Defendant engaged in business in Texas by contracting with Plaintiff and the contract was to be performed in whole or in part in Texas.

3. *Amount in Controversy.* Plaintiff seeks from Defendant only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney. The damages sought are within the jurisdictional limits of the court.

4. *Sworn Account.* Plaintiff sold to Defendant one or more items of goods, wares, merchandise or services as shown on the attached statement of account in the usual course of business. Defendant became bound to pay Plaintiff the designated price, which is a reasonable, usual, and customary price for such an item. Plaintiff's affidavit and statement of account are attached hereto as Exhibit "A" and are incorporated herein by reference as if set out word for

Certified Document Number: 61030424 - Page 1 of 3

word. This verified account represents a transaction or series of transactions for which a systematic record has been kept.

5. *Contract.* In the alternative, Defendant contracted for goods, wares, merchandise and/or services from Plaintiff at the special instance and request of Defendant in the regular course of Plaintiff's business. Plaintiff has fully complied with the agreement. Defendant accepted the goods, wares, merchandise and/or services and agreed and became bound to pay Plaintiff's designated charges, which are reasonable, usual, and customary for such items.

6. *Default, Debt and Breach.* Despite demand, Defendant has refused and failed to pay the balance of the account, with a balance remaining due to Plaintiff in the sum of $39,079.08, plus accrued interest. There are no further offsets, credits, or payments existing in favor of Defendant.

7. *Quantum Meruit and Unjust Enrichment.* In the alternative, Plaintiff pleads for recovery under the doctrine of quantum meruit. Plaintiff rendered valuable services for or furnished goods to Defendant under circumstances as reasonably notified Defendant that Plaintiff expected to be paid by Defendant. Defendant accepted, used, and enjoyed the services and/or goods provided by Plaintiff, but has not paid Plaintiff for them. As a result, Defendant has been unjustly enriched.

8. *Conditions Precedent.* All conditions precedent have been performed or have occurred.

9. *Attorney's Fees.* Defendant's default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code § 38.001. Plaintiff retained counsel and presented Plaintiff's claim to Defendant in compliance with Texas Civil Practice & Remedies Code § 38.002, but the amount remains unpaid.

10. *Prayer.* WHEREFORE, Plaintiff prays that

a. Defendant be cited to appear and answer herein;
b. Plaintiff be granted judgment for $39,079.08 as the principal amount due on this account;
c. Plaintiff be granted judgment for accrued and unpaid interest on the debt before maturity;
d. Plaintiff be granted judgment for pre-judgment and post-judgment interest on the matured, unpaid debt at the highest legal or contractual rate allowed by law;
e. Plaintiff be granted judgment for reasonable attorney's fees;
f. Plaintiff be granted judgment for all costs of court; and
g. Plaintiff be granted judgment for other and further relief to which Plaintiff is justly entitled.

Certified Document Number: 61030424 - Page 2 of 3

Respectfully submitted,

**BARNETT & GARCIA**
A Professional Limited Liability Company
3821 Juniper Trace, Suite 108
Austin, Texas 78738
TELEPHONE: (512) 266-8830
FACSIMILE: (512) 266-8803

Don M. Barnett
don@barnettgarcia.com
State Bar No. 01780000
Matias Eduardo Garcia
State Bar No. 24012675
Sean S.V. Homrig
State Bar No. 24062789
Ian A. McCarthy
State Bar No. 24078960
Lawrence J. Falli
State Bar No. 24068702

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 61030424 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this July 25, 2014

Certified Document Number: 61030424 Total Pages: 3

Chris Daniel

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/2/2014 4:07:00 PM
Chris Daniel - District Clerk
Harris County

EXHIBIT "A"

CA23398.001

Certified Document Number: 61030425 - Page 1 of 19

# AFFIDAVIT

STATE OF Florida §
§
COUNTY OF Duval §

BEFORE ME, the undersigned authority, on this day personally appeared Michael Clarke, who swore on oath that the following facts are true:

"My name is Michael A. Clarke I am of sound mind, I am capable of making this affidavit, and I have personal knowledge of the facts stated herein.

"I am a custodian of the records of Aggreko LLC a Delaware Limited Liability Company, hereinafter referred to as the "Creditor". Attached hereto are records from the Creditor. These records are kept by the Creditor in the regular course of business, and it was the regular course of business of the Creditor for an employee or representative of the Creditor with knowledge of the act, event, condition, or opinion recorded to make the record or to transmit information thereof to be included in the record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

"The attached records and the account included therein, in favor of **the Creditor** and against Bernuth Agencies Inc., for the principal sum of **$39079.08** as reflected in those records, is just, true, and due. All just and lawful offsets, payments, and credits have been allowed."

[signature]
Affiant

Sworn and subscribed before me by Marquerita Sullivan on April 29, 2014.

[signature]
Notary Public

My Commission Expires on: Oct 5 2014

MARQUERITA SULLIVAN
MY COMMISSION #EE025067
EXPIRES: OCT 05, 2014
Bonded through 1st State Insurance

Certified Document Number: 61030425 - Page 2 of 19



12/09/09

Robert Collett
Bernuth Agencies Inc.
3201 Northwest 24th Street Road
Miami FLA 33142
Proposal #: 4310-5666

Dear Robert Collett

Thank you for your interest in Aggreko. I am pleased to submit the following proposal for your review and acceptance. All Payments are due in advance of month being billed via wire transfer.

## I. Services Overview:

Aggreko will provide (1) 500 Kw Generator and accessories for your rental requirements located at Coast Guard location in Miami Florida. Generator criteria: 440/3/60 connect to customer's switchboard system if applicable to ship's control panel.

## II. Equipment:

| Qty | Description | Weekly | Monthly |
|---|---|---|---|
| 1 | 500 kW Generator- Remote Start 440/3/60 | 2,000.00 | 6,000.00 |
| 36 | 4/0 Cam-Lok 50 ft | 400.00 | 1,200.00 |
| 12 | 4/0 Cam-Lok Female Tails | 50.00 | 150.00 |
| 12 | 4/0 Cam-Lok Male Tails | 50.00 | 150.00 |

**Generator Paralleling Capability:**
Aggreko generators (800 KW & above) can be paralleled with most shipboard generators, providing the vessel has a standard voltage droop system.

## III Other Services:

**Cable:**
Aggreko will supply cables cut to specific lengths (50 & 100 foot lengths). To avoid replacement charges please do not cut this cable. Lengths over 100 feet may be available upon request.

Aggreko LLC
8300 Phillips Highway
Jacksonville, FL 32256
Off: 904-674-8315
Fax: 904-339-0883
www.aggreko.com

Certified Document Number: 61030425 - Page 3 of 19

**Fuel:**
Aggreko generators run on **# 2 diesel.** Fuel supplied by Aggreko and not returned will be billed at **$6.50 per gallon.** Any refueling requirements during use will be the customer's responsibility. The **use of bunker MDO fuel will damage the engine. All costs associated with poor quality/unsuitable fuel will be re-charged to the customer.**

**Labor:**
Any set up, tear down or service calls will be charged at the following rates:

- **$106.00 per hour** straight time (8 AM-5 PM Monday-Friday)
- **$159.00 per hour** overtime
- **$ 1.00 per mile** travel charges

If an overnight stay were required, **Lodging and $50.00 per Diem would apply.**

**Electrical Connections and Paralleling:**
Aggreko personnel do not make final connections to the ship's board; however, must be present when the temporary generator is paralleled to the shipboard system.

**Routine Service:**
Aggreko's generators must be serviced every 250 hours of operation. A full service includes a full oil change as well as replacing oil filters, fuel filters and air filters. In addition to checking all belts, hoses, the radiator, batteries and a variety of other check points as outlined in our operational manual. It is the customer's responsibility to ensure the daily checks and routine service requirements are met. Upon request from Aggreko evidence confirming the service of our equipment should be provided.

**Local vs. Overseas Service:**
When close to an Aggreko depot local service can be provided on a time and materials basis. Service that is requested in an area where Aggreko does not have local representation will be charged to the customer and will include travel costs, including airfare, rental car, daily per diem and hotel charges in addition to an hourly labor rate.

**Freight: (Estimated)**
Delivery & Return Freight is estimated $600.00
**Demurrage beyond one hour will be charged at $70.00 per hour.**

**Environmental Fee:**
An environmental fee equal to 3% of **equipment charges** will be assessed on all invoices.

Aggreko LLC
8300 Phillips Highway
Jacksonville, FL 32256
Off: 904-674-8315
Fax: 904-339-9883
www.aggreko.com

Certified Document Number: 61030425 - Page 4 of 19

**In addition an irrevocable letter of credit that is callable by Aggreko Inc. and written by a U.S. financial institution is required.** The expiration of this letter must be at least 60 days after the expected return date of the equipment. The principal amount shall be equal to the replacement value of the equipment plus the expected rental amount.

It should be clearly understood and agreed that if any and all Aggreko-owned equipment is not returned and full payment is not made under the terms of this agreement, **Aggreko reserves the right to enforce a marine lien on any customer-owned or chartered vessel.**

## III. Customer Responsibilities, Terms and Conditions, Etc.:

- Full replacement value insurance based on $391,000.00 of equipment.
- All costs to permit or modify our equipment to meet local Classification Society or Coast Guard requirements i.e. fire suppression systems, exhaust stacks etc.
- Adhere to our service requirements.
- Adhere to our payment terms.
- Supply any union labor if required.
- Provide an electrician for electrical tie-ins on vessel.
- Provide any lifting equipment required to load and unload our equipment.
- Rental period will begin when equipment leaves the Aggreko depot and will remain on rent until returned to an approved Aggreko location.
- To register the equipment with US Customs before departing the US.
- All custom charges if applicable plus any delays caused by customs.
- All import/export charges that may apply.
- Under no circumstances will Aggreko accept any consequential damages (i.e. cargo spoilage/losses) as a result of equipment failure.
- Any rental that may result from this proposal must comply with our standard terms and conditions of contract. A copy is available upon request.

**Proposal Validity:**
This proposal is **valid for 30 days** and contingent upon the establishment of satisfactory terms as well as equipment availability.

Aggreko LLC
8300 Phillips Highway
Jacksonville, FL 32256
Off: 904-874-8315
Fax: 904-339-9683
www.aggreko.com

Certified Document Number: 61030425 - Page 5 of 19

## IV. Acceptance:

To accept the above proposal, please sign your acceptance below and fax or e-mail this page following your confirmation of the following:

| | | | |
|---|---|---|---|
| TO: | Aggreko – Sales Support | PAGES: | 1 |
| FAX #: | 904-339-9683 | DATE & TIME: | 12/09/09 |
| COMPANY: | Bernuth Agencies Inc. | RE: | Proposal Acceptance |
| PROPOSAL#: | Bernuth Agencies – 4310-5666 | | |

| | | |
|---|---|---|
| Delivery Date & Time (Aggreko to confirm): | 12/10/09 | |
| Operation Date & Time (Aggreko to confirm): | | |
| Fuel Option (Page 2): | Accept: | Decline: |
| Is This Order Taxable? (If not taxable an Exemption certificate must be provided): | Yes: | No: (circled) |
| Purchase Order #: 53109 | | |

Delivery Address:

Billing Address: 3201 NW 24 ST RD Miami FLA 33142

[signature] 12/10/09

Bernuth Agencies Inc. Representative Date

Thank you for your interest in Aggreko. Please contact me if you have any questions or comments. Once again, I thank you for the opportunity to be of service.

Assuring you our best attention at all times.

Sincerely,

Eric Colon
Aggreko LLC
904-874-8315-Mobile

Aggreko LLC
8300 Phillips Highway
Jacksonville, FL 32256
Off: 904-874-8315
Fax: 904-339-9683
www.aggreko.com

Certified Document Number: 61030425 - Page 6 of 19



MONTHLY STATEMENT

*ACCOUNT SUMMARY*
*DATE: 12/16/2013*
*ACCOUNT # US00085791*

P.O. Box 972562
Dallas, TX 75397-2562

The address noted above is a payment processing center. For questions concerning this statement please contact Patricia Viator at 337-374-3007 Fax# 337-374-3099 or email Patricia.Viator@aggreko.com

Company Name
Bernuth Agencies Inc
Attn: Debi Delgado/Accounts Payable
debi@jordan-shipping.com

TRANSACTION SUMMARY

| INVOICE NO. | DATE | DUE DATE | PURCHASE ORDER | AMOUNT |
|---|---|---|---|---|
| 13237017 | 6/1/2012 | 7/2/2012 | 53109 | $6,406.89 |
| 13240499 | 6/28/2012 | 7/27/2012 | 53109 | $6,406.89 |
| 13243972 | 7/30/2012 | 8/29/2012 | 53109 | $6,406.89 |
| 13257380 | 10/30/2012 | 11/29/2012 | 53109 | $6,406.89 |
| 13264091 | 12/24/2012 | 1/23/2013 | 53109 | $6,523.63 |
| 13264459 | 12/31/2012 | 1/20/2013 | 53109 | $6,406.89 |
| 13267433 | 1/24/2013 | 2/22/2013 | 53109 | $521.00 |
| TOTAL | | | | $ 39,079.08 |

www.aggreko.com

Certified Document Number: 61030425 - Page 7 of 19

AGGREKO NORTH AMERICA
RENTAL AGREEMENT TERMS & CONDITIONS

1. DEFINITIONS
 a. "Lessee" shall mean the party to this contract identified herein other than the Aggreko entity identified on the face of this Agreement.
 b. "Lessor" shall mean the Aggreko entity identified on the face of this Agreement.

2. RENTAL PERIOD: The rental period shall commence from the date of shipment of the rental equipment, accessories and related spare parts and supplies covered by this agreement (the "Equipment") from the point of shipment and shall continue until Lessee's receipt of an off rent confirmation notice. Provided, however, for all rentals in which Lessee is responsible for arranging freight, the rental shall not terminate until return to Lessor's yard. The rental period shall not be subject to pro-ration.

3. DETERMINATION OF RENTAL CHARGES: Lessee shall pay for the rental period on each piece of Equipment named in the list of equipment in this agreement, including any parts encompassed thereby, at the rate herein stipulated. A rental rate is for a minimum rental period of one week, any portion of a week will be charged as a full week. A MONTH IS DEFINED AS A PERIOD OF TWENTY-EIGHT (28) DAYS. Unless otherwise agreed in writing, all rental rates are based on a shift system, single shift is defined as eight (8) hours in a day, forty (40) hours in a week or one hundred sixty (160) hours in a twenty-eight (28) day month. Double shift is defined as eighty (80) hours in a week or three hundred twenty (320) hours in a twenty-eight (28) day month. Triple shift is unlimited hours in a twenty-eight (28) day month.

4. PAYMENT: All rentals and other charges due under this agreement are due and payable within 30 days from the date of invoice, provided applicable credit limits are approved by Lessor, failing which rentals shall be due and payable in advance on a weekly basis to Lessor at the address set forth in this Agreement and in which case payment for the minimum rental period shall be due before the delivery of the Equipment to Lessee or the latter's agent or carrier, unless otherwise agreed in writing. In addition to its termination rights, Lessor, in Lessor's sole discretion, may change payment terms to advance billing and payment due upon receipt, if Lessee becomes delinquent on any payments due and owing, under this Agreement or any other rental agreement. All overdue payments, for all charges, including damages and losses, shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law without prejudice to Lessor's rights and in particular without prejudice to Lessor's right contained in Section 16 to terminate this agreement for non-payment of rental. Any invoicing requirements of Lessee must be provided in advance of the rental or will be deemed waived.

5. LOADING, UNLOADING AND TRANSPORTATION: Lessee shall bear the expense of and responsibility for unloading and reloading the Equipment at Lessee's receiving point, including all injuries and damages resulting therefrom, and shall pay all demurrage charges incurred at the shipping or receiving points. Lessee shall be responsible for shipping expenses from the original point of shipment to Lessee's receiving point and all return shipping expenses to Lessor's yard or such other point as Lessor shall in writing direct, regardless of whether these costs are advanced by Lessor. However, if Lessor directs Lessee in writing to return all Equipment to a place other than Lessor's yard, then Lessee shall pay the shipping expenses up to but not beyond the amount that would have been required to return the Equipment to Lessor's yard. Lessee must have an authorized agent available to sign a bill of lading upon delivery of the Equipment by the carrier. If no agent is provided at the time of delivery, Lessee authorizes Lessor's employee to execute the bill of lading as Lessee's agent and such execution shall be deemed an acceptance of the condition of the Equipment upon delivery, and for all losses occurring to the Equipment thereafter while in Lessee's possession, except as expressly set forth in Section 19 below.

6. RECALLING AND RETURNING NOTICE: Lessor may recall any or all Equipment upon thirty (30) days written notice to Lessee and Lessee may return any or all Equipment upon like notice to Lessor. In the event of recall, Lessee shall remain responsible for any loading, unloading, and transportation costs as referred to in Section 5.

7. MAINTENANCE, OPERATION AND REPAIRS: Unless otherwise agreed upon in writing, Lessee shall not make any alterations, additions or improvements to the Equipment without Lessor's prior written consent. Lessee shall at its own expense operate, maintain and keep in good repair the Equipment and return it in the same condition in which it was received. Specifically Lessee must:
 (a) Ensure that the Equipment is operated by qualified personnel in accordance with applicable manufacturer's guidelines and instructions.
 (b) Ensure that the Equipment is used for applications within the capacity ratings of the Equipment.
 (c) Comply with all applicable federal, state and local laws and regulations in connection with operating, handling and transporting the Equipment.
 (d) Inspect the Equipment on a regular basis.
 (e) Supply all fuel, coolants and lubricants necessary to operate the Equipment.
 (f) Immediately notify Lessor of any known problems or malfunctions or suspected malfunctions or problems or those that should reasonably be known or suspected upon regular inspection that are necessary to keep the Equipment in good running order.
 (g) Perform all routine and minor repairs and maintenance necessary to keep the Equipment in good running order, unless otherwise agreed in writing.
 (h) Replace all broken or worn out parts on the Equipment, unless otherwise agreed in writing, and notify Lessor immediately of any broken or worn out parts on the Equipment.
 (i) Return the Equipment in a clean and unmarred condition.

8. INSPECTION: Before the Equipment is loaded for transit to Lessee, Lessee may require an inspection thereof by a qualified inspector. If Lessee does not inspect the Equipment before it is loaded for transit, then Lessee is conclusively deemed to have accepted that the Equipment is in good running order without broken or worn out parts and in a clean and unmarred condition. Lessor shall have the right at any time and from time to time to enter the premises occupied by the Equipment and shall be given free access thereto and afforded necessary facilities for the purpose of inspection and removal.

9. DAMAGE TO EQUIPMENT: Lessee shall be liable to Lessor for all loss or damage to the Equipment, while it is in the possession of Lessee, regardless of the cause or origin of such loss or damage, except as limited by Section 19. However, some requirements of this Section 9 may be waived in limited circumstances by purchasing a fire, theft and vandalism waiver from Lessor pursuant to Lessor's Secure – Fire, Theft and Vandalism policy, the terms for which are available at http://www.aggreko.com/NorthAmerica/useful_links/terms_of_business.aspx which Lessee acknowledges are available to it, and, if purchased, said terms are incorporated herein by reference. Subject to the provisions of Section 8 hereof, Lessee shall advise Lessor within seven (7) days of the receipt of the Equipment of any shortages or damage claim which it might have and unless such notice is given within such period such claim for shortage or damage shall be invalid and unenforceable. In the event of partial loss or damage to the Equipment, Lessee shall immediately notify Lessor of such, and if its failure to so notify Lessor results in additional or consequential damage to Lessor, Lessee agrees to pay for all such damages. The repair of the damaged Equipment will be governed by Section 19.

10. INDEMNIFICATION: LESSEE SHALL RELEASE, INDEMNIFY, DEFEND AND HOLD LESSOR HARMLESS AGAINST ANY CLAIM, DEMAND, LOSS, DAMAGE, LIABILITY, LAWSUIT, CAUSE OF ACTION, JUDGMENT, PENALTY AND/OR EXPENSE (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS' FEES, COURT COSTS AND OTHER COSTS OF SUIT) ON ACCOUNT OF PROPERTY DAMAGE OR LOSS, OR PERSONAL INJURIES (INCLUDING ILLNESS, DISABILITY OR DEATH) RESULTING FROM THE OPERATION, USE OR HANDLING OF THE EQUIPMENT OR SERVICES PROVIDED HEREUNDER, TO THE EXTENT CAUSED BY THE NEGLIGENCE OR FAULT OF LESSEE AND/OR A THIRD PARTY.

11. INSURANCE: Lessee shall at Lessee's own expense and for all relevant periods maintain: (i) commercial general liability insurance to protect Lessee and Lessor against damage to property or persons from the operation, handling and use of the Equipment during the rental period with minimum

Certified Document Number: 61030425 - Page 8 of 19

coverage of $1,000,000/$2,000,000, (ii) commercial auto insurance to protect Lessee and Lessor against damage to property or persons from transportation-related loses with minimum coverage of $1,000,000/$2,000,000; (iii) broad form property insurance covering the Equipment at the replacement value identified on the rental agreement or Aggreko's bill of lading, or, if not identified thereon, then as identified in the Equipment Replacement Values table, which is available at http://www.aggreko.com/NorthAmerica/useful_links/terms_of_business.aspx and is incorporated herein by reference (the "Replacement Value"); and, (iv) if customer is hauling the Equipment, all risk cargo insurance, at the Replacement Value, (v) workers compensation insurance for its employees in amounts required by the laws of the state in which the work is performed, and (vi) such other insurance as may be requested by Lessor in advance of shipment by Lessor to Lessee. Lessee shall cause its insurer to issue an endorsement identifying that all insurance identified in this Section 11 shall be primary to that of Lessor to the extent of Lessee's obligations herein and that Lessee and its insurer agree to waive their subrogation rights with respect thereto. Lessee shall provide thirty (30) day advance written notice to Lessor of change or termination of any such policy prior to change or cancellation and Lessee shall cause Lessor and Lessor's vendor to be named as an additional insureds on each such policy, other than Workers' Compensation. Failure to provide the requisite insurance shall not be deemed as a waiver of this provision.

12. LEGAL EXPENSES: Lessee shall pay all costs, charges and expenses including reasonable attorney's fees incurred in retaking possession of the Equipment hereby rented, in the collection of any sums which may be due and owing Lessor by Lessee, including but not limited to the defense of any action brought against Lessor for damages caused by the Equipment to any person while the Equipment is in the possession of Lessee. The Equipment shall be deemed to be in the possession of Lessee for all purposes of this agreement from the time Lessee begins loading it for transit from Lessor's yard until the time that Lessee has completed unloading the Equipment at Lessor's yard or such other points as Lessor shall in writing direct, except as otherwise limited herein.

13. ENVIRONMENTAL FEES: Lessee shall pay the reasonable environmental fees identified in the Agreement.

14. SUBLETTING & ASSIGNMENT: Lessee shall not re-rent any Equipment nor shall Lessee assign or transfer any interest in this agreement without the prior written consent of Lessor. If the Equipment is re-rent, Lessee shall require its customer, the end user and any third party in contractual privity in between to be bound by the terms and conditions hereof. Any person or entity to which this Contract is assigned pursuant to the provisions of the U.S. Bankruptcy Code, 11 U.S.C. Section 101 et. seq., shall be deemed without further act or deed to have assumed all of the obligations arising under the rental agreement to which these terms and conditions apply on and after the date of such assignment. Any such assignee shall upon demand execute and deliver to Lessor an instrument confirming such assumption; however a party's failure to deliver such documentation shall not relieve that party or its successor of the obligations created herein.

15. RENTAL OF NON-SCHEDULED ITEMS: In the event Lessor is asked to supply boilers, transformers, electrical distribution equipment, large centrifugal air compressors, or other goods or services that are provided to Lessor by a third party vendor, Lessor shall not be under any obligation to provide such products or services unless Lessee also agrees to additional terms and conditions that may be imposed on Lessor by such third party vendors, which are incorporated herein by reference.

16. TERMINATION OF THE AGREEMENT: If any of the following events occur (i) Lessee fails to make payment in accordance with the terms of this agreement and such failure continues for a period of five (5) days, (ii) Lessee becomes bankrupt, insolvent or makes an assignment for the benefit of its creditors, (iii) Lessee fails to maintain and/or operate or to return the Equipment as provided by this agreement, (iv) Lessee fails to maintain the insurance required by Section 11, (v) Lessor reasonably believes that Lessee is unable to comply with the payment terms hereof as a result of delays in payment under this Agreement or any other rental agreement with Lessor or is likely to become bankrupt, insolvent or make an assignment for the benefit of its creditors, (vi) Lessee violates any material provision hereof (vii) the Equipment is lost, damaged, stolen, destroyed or seized by a governmental agency after it had been placed in the possession of Lessee, (viii) Lessor has a reasonable belief that there is an unusual risk of damage to the Equipment or that Lessee cannot adequately protect the Equipment, or (iv) a Force Majeure event that lasts longer than two (2) weeks, then Lessor may at its option, after three (3) days notice in writing of such event terminate this agreement, retrieve the Equipment wherever it may be found without becoming liable for damages or for trespass, and/or, in addition to any other remedies Lessor may have, recover all amounts due together with any damages for injury to the Equipment and all expenses incurred in recovering, retrieving or repossessing the Equipment.

17. WARRANTY: Lessee has selected the Equipment rented hereunder for its own purposes and Lessee expressly disclaims any reliance upon any statements or representations made by Lessor. EXCEPT FOR SATISFACTORY RATED OPERATION OF THE EQUIPMENT, LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES OF ANY KIND, INCLUDING WITHOUT LIMITATION ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE WITH RESPECT TO THE EQUIPMENT AND LESSOR HEREBY DISCLAIMS SAME. Lessor's liability under this Section 17 is limited to repairing or replacing (at the discretion of Lessor) any Equipment not performing according to rated operation.

18. AUTHORITY OF AGENTS: The execution hereof by an agent of Lessee shall conclusively establish the authority of such agent to contract herein, unless Lessor receives written notification to the contrary prior to the loading of the Equipment for transit.

19. SPECIAL CONDITIONS: Notwithstanding any provisions contained herein to the contrary:

a. If the Equipment goes down for maintenance or repairs while in Lessee's service, Lessee may notify Lessor and if Lessee elects to return the down Equipment, Lessor will make arrangements to send Lessee Equipment to replace it. Lessee will be charged for all applicable transportation costs.

b. (i) If the Equipment goes down for maintenance or repairs while in Lessee's service and Lessee elects not to return the down Equipment, Lessor will send a qualified technician to repair it. Lessee shall pay for travel time, mileage, labor, and parts for the services of each such technician.

(ii) If Lessor determines that the required maintenance or repairs is Lessor's responsibility, the labor and parts required for repair will be provided at no charge to Lessee.

(iii) If Lessor determines that any maintenance or repairs (including those resulting from improper maintenance or the failure to perform required maintenance, or for any reason other than Lessor's negligence) is Lessee's responsibility, then Lessee agrees to pay, within thirty (30) days from receipt of Lessor's invoice, all applicable transportation costs, travel time, mileage, labor, and parts for the repair, even if service is performed by Lessor upon return of the Equipment.

Additionally, the parties hereto acknowledge that the Equipment is unique in design and manufacture, and as to Lessor, it is inherently valuable as rental equipment. Therefore, in the event of damage to the Equipment, regardless of whether ultimately deemed a total loss, Lessor and Lessee agree that the loss to Lessor comprises, in addition to the Replacement Cost or cost of labor and parts to repair the Equipment, transportation costs, travel time, mileage, and other such incidental costs, the loss of use of such rental Equipment (rentals) until it can be fully repaired or replaced. In such event, Lessee shall also be liable for, and agrees to pay within thirty (30) days from receipt of Lessor's invoice, the loss of use and rentals which such damaged Equipment could have produced, at Lessor's then current published rental rate, for such period of time which elapses from the loss until the Equipment can be repaired or replaced.

20. TAXES AND FEES: Lessee shall pay all license fees, registration fees, assessments, duties and taxes which may now or hereafter be imposed upon the ownership, possession, lease or use of the Equipment, excepting only those based on Lessor's net income or exempted by law. Lessee shall promptly notify Lessor of the receipt of any tax notices, tax reports or inquiries or notices from taxing or other authorities concerning taxes, fees or assessments.

21. COMPLIANCE WITH LAWS: Lessee shall comply with all environmental and other laws, rules and regulations with regard to the operation of the Equipment including any local, state or Federal Air Quality Legislation.

Certified Document Number: 61030425 - Page 9 of 19

22. OWNERSHIP OF EQUIPMENT; ENCUMBRANCES: The Equipment is, and shall at all times remain, the property of Lessor, and Lessee shall have no right, title or interest therein, or thereto except the right of possession and use of the Equipment pursuant to the terms of this agreement. Lessee shall not remove or deface any plate or marking on the Equipment identifying Lessor as the owner of the Equipment or the manufacturer's serial number. The Equipment is, and shall at all times remain, personal property of Lessor notwithstanding that the Equipment or any part thereof may now be, or hereafter become, in any manner affixed or attached to any other personal or real property. Lessee shall keep the Equipment free and clear of any and all levies, liens, security interests and encumbrances of any kind, and shall give Lessor prompt notice of any attachment or judicial process affecting the Equipment.

23. LIMITED LIABILITY: IN NO EVENT SHALL LESSOR BE LIABLE TO LESSEE OR ANY OTHER PARTY FOR ANY INCIDENTAL, CONSEQUENTIAL OR SPECIAL DAMAGES, INCLUDING, BUT IN NO WAY LIMITED TO LOSS OF USE, LOSS OF REVENUES, PROFITS OR ANTICIPATED PROFITS, LOST LABOR TIME, LOST OR SPOILED PRODUCT, DELAY, LIQUIDATED OR PUNITIVE DAMAGES.

24. SCOPE OF DAMAGES: LESSOR'S LIABILITY AND INDEMNITY OBLIGATIONS, IF ANY, SHALL IN NO EVENT EXCEED THE TOTAL RENTALS RECEIVED FROM LESSEE BY LESSOR FOR THE EQUIPMENT WHICH IS THE SUBJECT OF CLAIM OR DISPUTE.

25. NOTICE: For purposes of this agreement, notice shall be provided and deemed made by the following methods only: (1) by U.S. certified or registered Mail, return receipt requested, postage prepaid, on the date the return receipt is signed or, if not signed and/or accepted, on the date the return receipt establishes the first attempt at delivery was made (2) by 24 hour nationally reputable private courier delivery service (i.e., Federal Express, UPS, DHL), 24 hours after it is delivered to the private courier, (3) by hand delivery, upon delivery and acknowledgement of receipt by the party to whom it is delivered, (4) by facsimile, upon documented receipt of successful transmission or (5) by email, with proof of delivery receipt. Notice shall be provided to Lessor at Aggreko, LLC, 4607 W. Admiral Doyle Drive, P.O. Box 10004, New Iberia, Louisiana 70560 and to Lessee at the address identified on the front page of this agreement or at any other address subsequently provided to Lessor by Lessee by any method providing in this Section 25.

26. ENTIRE AGREEMENT; GOVERNING LAW; VENUE: This agreement constitutes the entire agreement between Lessor and Lessee, and supercedes any representations, warranties or agreements (written or oral) heretofore made or entered into between the parties relating to the Equipment rental and related services. Without limiting the foregoing, no "click-through", "browse-wrap", or other terms which Lessor may be required to "accept" to access a Lessee's website or portal shall have any force or effect. This contract is governed by the laws of the requisite country and state (or judicial district) where the contract is performed, as set forth below. Additionally, as set forth below, the parties hereto further submit to the jurisdiction of the federal and state (or judicial district) courts of such country as follows:

| Location Where Contract is to Be Performed | Law and Jurisdiction |
|---|---|
| United States of America (including US Territories) | Harris County - Texas, USA |
| Canada | Province of Ontario - Ontario, Canada |

Lessor and Lessee hereby irrevocably consent to the jurisdiction of the federal and state (or judicial district) courts listed above, and shall be bound by any judgments rendered thereby after all appeals taken. If any provision of this Agreement shall otherwise contravene or be invalid under the laws of any state or other jurisdiction where it is applicable but for such contravention or invalidity, such contravention or invalidity shall not invalidate all of the provisions of this Agreement, but rather this Agreement shall be reformed and construed as not to contain the such provision or provisions, but only to the extent that they are contravening or are invalid under the laws of that state or jurisdiction. All other provisions of the Agreement shall remain in full force and effect.

27. CHANGES, MODIFICATIONS, WAIVERS, ETC: Changes, modifications, waivers, additions or amendments to the terms and conditions of this agreement shall be binding on Lessor only if such are in writing and signed by a duly authorized representative of Lessor. The failure of Lessor to enforce, at any time or for any period of time, any of the provisions of this agreement shall not constitute a waiver of such provisions or of the right of Lessor to enforce each and every provision.

28. FORCE MAJEURE: If the performance by either party of any of its obligations shall in any way be prevented, interrupted or hindered as a consequence of an Act of God, war, civil disturbance, riot, strike, lockout, fire, earthquake or other natural calamities, legislation or restriction of any government or other authority, force majeure or any other circumstances beyond the reasonable control of such party, the obligations of the party concerned shall be wholly or partially suspended during the continuance and to the extent of such prevention of interruption or hindrance.

29. RESTRICTIONS ON EMPLOYMENT. Lessee shall not employ any employee of Lessor who performed work, directly or indirectly, on behalf or for the benefit of Lessee for twelve months following the last date Lessor's employee performed such work.

30. CONFIDENTIALITY. Unless required by law or all bids are made known to all competing vendors as part of the bidding process, Lessee shall keep all competitive bidding information submitted by Lessor confidential, regardless of whether said information is marked "Confidential". Lessor's bid materials, this Agreement, if different, and any derivative works resulting therefrom are confidential and proprietary to Lessor. As such, Customer acknowledges the confidential and proprietary nature thereof and shall maintain its confidentiality, only use the confidential information for the purpose thereof, provide such confidential information only to those employees and other parties with the need to know and require all such individuals to be bound by the terms contained herein. These restrictions on use and disclosure shall not apply to any information (i) independently developed by Lessee, as evidenced by documentation in its possession, or which is lawfully received free of restriction from another source having the right to so furnish such Information; (ii) after it has become generally available to the public without breach of this Agreement by Lessee; or (iii) ordered or required to be released pursuant to applicable law, regulation, or a verifiable court order, provided that each party has been given notice of and, to the extent possible, an opportunity to contest such order. All copyrights, patents, trade secrets, or other intellectual property rights associated with any ideas, concepts, techniques, inventions, processes, designs, works of authorship or other know how developed or created by Lessor prior to or during the course of performing work for Lessee, or developed jointly with Lessee, shall belong exclusively to Lessor. Lessor shall have the exclusive right to, and shall bear all of the costs of, acquiring intellectual property rights, such as patents and copyrights, for any inventions or developments associated with this Agreement and the work or derivative work developed as a result thereof.

31. APPLICABILITY OF TERMS & CONDITIONS: The terms and conditions hereof shall be deemed accepted and binding upon Lessee upon transfer of custody of the Equipment to the carrier for delivery to Lessee's receiving point, regardless of whether the Rental Agreement is signed by Lessee. To the extent these terms and conditions or Lessor's proposal are in conflict with any terms and conditions provided by Lessee, the terms and conditions hereof shall dictate. Notwithstanding any provision therein to the contrary, unless otherwise expressly agreed in writing and evidenced by signature of both parties, any terms attached to a purchase order or other customer-provided document are expressly rejected and shall have no force or effect. To the extent these terms and conditions are in conflict with any terms and conditions of a master service agreement with Lessee, the terms and conditions of the master service agreement shall dictate, unless the conflict is acknowledged in writing in which the parties expressly agree to conflicting terms.

32. COUNTERPARTS: This Agreement, including Lessor's proposal and these terms and conditions by reference therein, may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall be deemed to be one and the same agreement. Signatures of acceptance may be exchanged by facsimile, scan or e-mail, and each party agrees to be bound by its own telecopied or electronically submitted signature, and to accept the telecopy or electronic signature of the other party. Alternatively, acceptance of Lessor's proposal and these terms and conditions by reference therein may be made by email acknowledgement.

v9.1.13

Certified Document Number: 61030425 - Page 10 of 19

# Equipment Report

**M/N: DCA600SSK**

**S/N: 3692768**

**Resistance readings:**

| | |
|---|---|
| **Exciter field:** | 27 ohms |
| Exciter field to ground | 1.5 Megohms |
| **Exciter armature:** | |
| Winding set 1: | |
| A-B | 0.9 ohms |
| B-C | 0.9 ohms |
| A-C | 0.9 ohms |
| A to ground | 1.2 Megohms |
| B to ground | 1.5 Megohms |
| C to ground | 1.5 Megohms |
| Winding set 2: | |
| A-B | 0.9 ohms |
| B-C | 0.9 ohms |
| A-C | 0.9 ohms |
| A to ground | 1.5 Megohms |
| B to ground | 1.5 Megohms |
| C to ground | 1.3 Megohms |
| **Main field** | |
| Winding 1 | 1.2 Kilohms |
| Winding 2 | 2 ohms |
| Winding 1 to ground | 0.2 Megohms |
| Winding 2 to ground | 1.5 Megohms |

Certified Document Number: 61030425 - Page 11 of 19

**Main armature:**

| | |
|---|---|
| All windings | 0.6 ohms |
| All windings to ground | greater than 1 Megohm |

**AVR Open-delta excitation windings:**

| | |
|---|---|
| A-D | 0.6 ohms |
| B-D | 0.6 ohms |
| C-D | 0.6 ohms |
| A to ground | 0.5 Megohms |
| B to ground | 0.6 Megohms |
| C to ground | 0.5 Megohms |

Testing the unit, voltage output was 2.6 VAC. No excitation voltage was measured from the AVR. Upon removal of the end bracket on the back end of the generator, it was noted that there was a wire broken off of one of the rectifier assemblies. It was determined that the wire was going to one of the main field windings. Visual inspection revealed that there was salt buildup on the main field poles and windings. Resistance readings determined that one set of main field windings was open and grounded. This was probably due to exposure to salt air and water.

To repair the unit, the main field windings will either have to be rewound or replaced. I would recommend having the entire generator end pulled and dipped and baked buy a rewind shop.

Pictures: https://picasaweb.google.com/101143447682067602944/20130205AGGREKOMQDCA600SSK#

Certified Document Number: 61030425 - Page 12 of 19

aggreko®

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 972562
Dallas, TX 75397-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436

Customer PO No. 053109
Contact Name Robert Collett

Invoice No. 13237017
Date 06/01/12

| Invoice To | Deliver To |
|---|---|
| Bernuth Agencies, Inc.<br>3201 NW 24th Street Rd<br>Miami<br>FL 33142-6913 | Bernuth Agencies, Inc.<br>MotorVessel: Bernuth Calypso<br>120 Macarthur Cswy<br>Miami Beach<br>FL 33139-5101 |

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami

Salesperson Eric Colon
Due Date 07/02/12

| Line | Unit No. | Description | Invoice Period Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | As of 12/8/11 billing cycle has been changed to 30 days<br>As of 01/7/12 rates have been reduced | | | | | | | |
| 4 | | Cable 04/0 LOV BAC 50 FT | | | | | | |
| | Rental Charge | | 05/06/12 - 06/04/12 | 33.00 | 1.00 | 12.33 | periodic | 406.89 |
| 5 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 05/06/12 - 06/04/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 6 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 05/06/12 - 06/04/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 7 | | Cable Bin | | | | | | |
| | Rental Charge | | 05/06/12 - 06/04/12 | 1.00 | 1.00 | 0.00 | | 0.00 |
| 10 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 05/06/12 - 06/04/12 | 3.00 | 1.00 | 0.00 | | 0.00 |
| 13 | GN10148G | 500kW Generator Standard Canopy | | | | | | |
| | Rental Charge<br>Swapped with line 2 | | 05/06/12 - 06/04/12 | 1.00 | 1.00 | 6,000.00 | periodic | 6,000.00 |
| 15 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 05/06/12 - 06/04/12 | 2.00 | 1.00 | 0.00 | | 0.00 |

| Jurisdiction | SalesTotal | Rate | Tax |
|---|---|---|---|
| Non Taxable | 6,406.89 | 0.00% | - |

| | | |
|---|---|---|
| Rental Total | USD | 6,406.89 |
| Sales Total | USD | |
| Sub-Total | USD | 6,406.89 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 6,406.89 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 13 of 19

aggreko

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 972562
Dallas, TX 75397-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436

Customer PO No. 053109
Contact Name Robert Collett

Invoice No. 13240499
Date 06/28/12

| Invoice To | Deliver To |
|---|---|
| Bernuth Agencies, Inc.<br>3201 NW 24th Street Rd<br>Miami<br>FL 33142-6913 | Bernuth Agencies, Inc.<br>MotorVessel: Bernuth Calypso<br>120 Macarthur Cswy<br>Miami Beach<br>FL 33139-5101 |

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami

Salesperson Eric Colon
Due Date 07/27/12

| Line | Unit No. | Description | Invoice Period Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | | As of 12/8/11 billing cycle has been changed to 30 days<br>As of 01/7/12 rates have been reduced | | | | | | |
| 4 | | Cable 04/0 LOV BAC 50 FT | | | | | | |
| | Rental Charge | | 06/05/12 - 07/04/12 | 33.00 | 1.00 | 12.33 | periodic | 406.89 |
| 5 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 06/05/12 - 07/04/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 6 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 06/05/12 - 07/04/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 7 | | Cable Bin | | | | | | |
| | Rental Charge | | 06/05/12 - 07/04/12 | 1.00 | 1.00 | 0.00 | | 0.00 |
| 10 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 06/05/12 - 07/04/12 | 3.00 | 1.00 | 0.00 | | 0.00 |
| 13 | GN10148G | 500kW Generator Standard Canopy | | | | | | |
| | Rental Charge<br>Swapped with line 2 | | 06/05/12 - 07/04/12 | 1.00 | 1.00 | 6,000.00 | periodic | 6,000.00 |
| 15 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 06/05/12 - 07/04/12 | 2.00 | 1.00 | 0.00 | | 0.00 |

| Jurisdiction | Sales Total | Rate | Tax |
|---|---|---|---|
| Non Taxable | 6,406.89 | 0.00% | - |

| | | |
|---|---|---|
| Rental Total | USD | 6,406.89 |
| Sales Total | USD | |
| Sub-Total | USD | 6,406.89 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 6,406.89 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 14 of 19

aggreko

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 972562
Dallas, TX 75397-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436

Customer PO No. 053109
Contact Name Robert Collett

Invoice No. 13243972
Date 07/30/12

**Invoice To**
Bernuth Agencies, Inc.
3201 NW 24th Street Rd
Miami
FL 33142-6913

**Deliver To**
Bernuth Agencies, Inc.
MotorVessel: Bernuth Calypso
120 Macarthur Cswy
Miami Beach
FL 33139-5101

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami

Salesperson Eric Colon
Due Date 08/29/12

| Line | Unit No. | Description | Invoice Period Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | | As of 12/8/11 billing cycle has been changed to 30 days<br>As of 01/7/12 rates have been reduced | | | | | | |
| 4 | | Cable 04/0 LOV BAC 50 FT | | | | | | |
| | Rental Charge | | 07/05/12 - 08/03/12 | 33.00 | 1.00 | 12.33 | periodic | 406.89 |
| 5 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 07/05/12 - 08/03/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 6 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 07/05/12 - 08/03/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 7 | | Cable Bin | | | | | | |
| | Rental Charge | | 07/05/12 - 08/03/12 | 1.00 | 1.00 | 0.00 | | 0.00 |
| 10 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 07/05/12 - 08/03/12 | 3.00 | 1.00 | 0.00 | | 0.00 |
| 13 | GN10148G | 500kW Generator Standard Canopy | | | | | | |
| | Rental Charge<br>Swapped with line 2 | | 07/05/12 - 08/03/12 | 1.00 | 1.00 | 6,000.00 | periodic | 6,000.00 |
| 15 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 07/05/12 - 08/03/12 | 2.00 | 1.00 | 0.00 | | 0.00 |

| Jurisdiction | SalesTotal | Rate | Tax |
|---|---|---|---|
| Non Taxable | 6,406.89 | 0.00% | - |

| | | |
|---|---|---|
| Rental Total | USD | 6,406.89 |
| Sales Total | USD | |
| Sub-Total | USD | 6,406.89 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 6,406.89 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 15 of 19

aggreko®

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 972562
Dallas, TX 75397-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436

Customer PO No. 053109
Contact Name Robert Collett

Invoice No. 13257380
Date 10/30/12

| Invoice To | Deliver To |
|---|---|
| Bernuth Agencies, Inc.<br>3201 NW 24th Street Rd<br>Miami<br>FL 33142-6913 | Bernuth Agencies, Inc.<br>MotorVessel: Bernuth Calypso<br>120 Macarthur Cswy<br>Miami Beach<br>FL 33139-5101 |

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami

Salesperson Eric Colon
Due Date 11/29/12

| Line | Unit No. | Description | Invoice Period / Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | As of 12/8/11 billing cycle has been changed to 30 days | | | | | | | |
| | As of 01/7/12 rates have been reduced | | | | | | | |
| 4 | | Cable 04/0 LOV BAC 50 FT | | | | | | |
| | Rental Charge | | 10/03/12 - 11/01/12 | 33.00 | 1.00 | 12.33 | periodic | 406.89 |
| 5 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 10/03/12 - 11/01/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 6 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 10/03/12 - 11/01/12 | 12.00 | 1.00 | 0.00 | | 0.00 |
| 7 | | Cable Bin | | | | | | |
| | Rental Charge | | 10/03/12 - 11/01/12 | 1.00 | 1.00 | 0.00 | | 0.00 |
| 10 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 10/03/12 - 11/01/12 | 3.00 | 1.00 | 0.00 | | 0.00 |
| 13 | GN10148G | 500kW Generator Standard Canopy | | | | | | |
| | Rental Charge<br>Swapped with line 2 | | 10/03/12 - 11/01/12 | 1.00 | 1.00 | 6,000.00 | periodic | 6,000.00 |
| 15 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 10/03/12 - 11/01/12 | 2.00 | 1.00 | 0.00 | | 0.00 |

| Jurisdiction | SalesTotal | Rate | Tax |
|---|---|---|---|
| Non Taxable | 6,406.89 | 0.00% | - |

| | | |
|---|---|---|
| Rental Total | USD | 6,406.89 |
| Sales Total | USD | |
| Sub-Total | USD | 6,406.89 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 6,406.89 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 16 of 19

aggreko

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 972562
Dallas, TX 75397-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436
Customer PO No. 053109
Contact Name Robert Collett
Invoice No. 13264091
Date 12/24/12

**Invoice To**
Bernuth Agencies, Inc.
3201 NW 24th Street Rd
Miami
FL 33142-6913

**Deliver To**
Bernuth Agencies, Inc.
MotorVessel: Bernuth Calypso
120 Macarthur Cswy
Miami Beach
FL 33139-5101

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami
Salesperson Eric Colon
Due Date 01/23/13

| Line | Unit No. | Description | Invoice Period Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| 19 | | Labor (ST) - S015736558-1 | 12/11/12 | 8.00 | 1.00 | 106.00 | sales | 848.00 |
| 20 | | Labor (ST) - S015736558-1 | 12/12/12 | 8.00 | 1.00 | 106.00 | sales | 848.00 |
| 21 | | Labor (OT) - S015736558-1 | 12/11/12 | 9.00 | 1.00 | 159.00 | sales | 1,431.00 |
| 22 | | Labor (OT) - S015736558-1 | 12/12/12 | 9.00 | 1.00 | 159.00 | sales | 1,431.00 |
| 23 | | Travel - S015736558-1 | 12/12/12 | 70.00 | 1.00 | 1.00 | sales | 70.00 |
| 24 | | Per-Diem - S015736558-1 | 12/11/12 | 1.00 | 1.00 | 50.00 | sales | 50.00 |
| 25 | | Per-Diem - S015736558-1 | 12/12/12 | 1.00 | 1.00 | 50.00 | sales | 50.00 |
| 26 | | Lodging - S015736558-1 | 12/11/12 | 1.00 | 1.00 | 205.33 | sales | 205.33 |
| 27 | | Airfare / Park - S015736558-1 | 12/11/12 | 1.00 | 1.00 | 1,590.30 | sales | 1,590.30 |

| Jurisdiction | SalesTotal | Rate | Tax |
|---|---|---|---|
| Non Taxable | 6,523.63 | 0.00% | |

| | | |
|---|---|---|
| Rental Total | USD | |
| Sales Total | USD | 6,523.63 |
| Sub-Total | USD | 6,523.63 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 6,523.63 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 17 of 19

aggreko

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 972562
Dallas, TX 75397-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436

Customer PO No. 053109
Contact Name Robert Collett

Invoice No. 13264459
Date 12/31/12

| Invoice To | Deliver To |
|---|---|
| Bernuth Agencies, Inc.<br>3201 NW 24th Street Rd<br>Miami<br>FL 33142-6913 | Bernuth Agencies, Inc.<br>MotorVessel: Bernuth Calypso<br>120 Macarthur Cswy<br>Miami Beach<br>FL 33139-5101 |

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami

Salesperson Eric Colon
Due Date 01/30/13

| Line | Unit No. | Description | Invoice Period Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | As of 12/8/11 billing cycle has been changed to 30 days | | | | | | | |
| | As of 01/7/12 rates have been reduced | | | | | | | |
| 4 | | Cable 04/0 LOV BAC 50 FT | | | | | | |
| | Rental Charge | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 12.33 | periodic | 406.89 |
| 5 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 0.00 | | 0.00 |
| 6 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 0.00 | | 0.00 |
| 7 | | Cable Bin | | | | | | |
| | Rental Charge | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 0.00 | | 0.00 |
| 10 | | Cable 04/0 LOV TLM 8 FT | | | | | | |
| | Rental Charge | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 0.00 | | 0.00 |
| 13 | GN10148G | 500kW Generator Standard Canopy | | | | | | |
| | Rental Charge<br>Swapped with line 2 | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 6,000.00 | periodic | 6,000.00 |
| 15 | | Cable 04/0 LOV TLF 8 FT | | | | | | |
| | Rental Charge | | 12/02/12 - 12/31/12 | 0.00 | 0.00 | 0.00 | | 0.00 |

| Jurisdiction | SalesTotal | Rate | Tax |
|---|---|---|---|
| Non Taxable | 6,406.89 | 0.00% | - |

| | | |
|---|---|---|
| Rental Total | USD | |
| Sales Total | USD | 6,406.89 |
| Sub-Total | USD | 6,406.89 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 6,406.89 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 18 of 19

aggreko

*Major Credit Cards Accepted*

Remit Payments only to:
Aggreko, LLC
PO Box 072562
Dallas, TX 75307-2562

Page 1(1)

# INVOICE

Customer No. US00085791
Agreement No. A183436

Customer PO No. 053109
Contact Name Robert Collett

Invoice No. 13267433
Date 01/24/13

| Invoice To | Deliver To |
|---|---|
| Bernuth Agencies, Inc.<br>3201 NW 24th Street Rd<br>Miami<br>FL 33142-6913 | Bernuth Agencies, Inc.<br>MotorVessel: Bernuth Calypso<br>120 Macarthur Cswy<br>Miami Beach<br>FL 33139-5101 |

Customer Tax ID#
Payment Terms Net 30
Currency US Dollars
Service Center Miami

Salesperson Eric Colon
Due Date 02/22/13

| Line | Unit No. | Description | Invoice Period Delivery Date | Qty | Qty/Per | Price | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| 9 | | Freight/Transport Inbound | 12/28/12 | 1.00 | 1.00 | 521.00 | sales | 521.00 |

| Jurisdiction | SalesTotal | Rate | Tax |
|---|---|---|---|
| Non Taxable | 521.00 | 0.00% | |

| | | |
|---|---|---|
| Rental Total | USD | |
| Sales Total | USD | 521.00 |
| Sub-Total | USD | 521.00 |
| Tax Total | USD | 0.00 |
| Invoice Total | USD | 521.00 |

All overdue payments shall bear interest at the lesser of 18% per annum or the highest amount otherwise allowed by law.

Certified Document Number: 61030425 - Page 19 of 19



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this July 25, 2014

Certified Document Number: 61030425 Total Pages: 19

Chris Daniel

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/2/2014 4:07:24 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 1421918
By: CUERO, NELSON

# CIVIL CASE INFORMATION SHEET

2014-31378 / Court: 125

CAUSE NUMBER (FOR CLERK USE ONLY): ______ COURT (FOR CLERK USE ONLY): ______

STYLED ______
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

DON M. BARNETT
3821 JUNIPER TRACE, STE 108
AUSTIN, TX 78738
512 266 8330

Signature: [signature]
State Bar No: 01780000

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Aggieko LLC

Defendant(s)/Respondent(s): Lamuth Agencies Inc.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- ☒ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: ______

Additional Parties in Child Support Case:
Custodial Parent: ______
Non-Custodial Parent: ______
Presumed Father: ______

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

## Civil

**Contract**
*Debt/Contract*
- ☐ Consumer/DTPA
- ☒ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: ______

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: ______

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: ______
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: ______
- ☐ Other Injury or Damage: ______

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: ______

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other: ______

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: ______

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: ______

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

## Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: ______

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child: ______

## Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: ______

**3. Indicate procedure or remedy, if applicable (may select more than 1):**
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

**4. Indicate damages sought (do not select if it is a family law case):**
- ☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this July 25, 2014

Certified Document Number: 61030150 Total Pages: 1

Chris Daniel

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



CONFIRMED FILE DATE: 6/9/2014

# CHRIS DANIEL

HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

*All Information on this form is required.

*CAUSE NUMBER 2014-31378

*ATY ☐ *CIV ☒ *Court # 125

REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Barnett, Donald * PH: 512-266-8830

*CIVIL PROCESS SERVER: ____________

*PH: ____________

*PERSON NOTIFIED SVC READY: Tri-Star

*DATE: ____________

*30th day after date of issuance ____-____-2014

| Type of Service Document: | Tracking Number: |
|---|---|
| Cit | 73025112 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

*Civil Process papers prepared by: Rhonda Momon

*Date: 6/9 -2014

*Process papers released to: Michael Johnson

*Process papers released by: ____________

*Date: 6/10, 2014 Time: 1:30 AM (PM)

Revised 02/20/12

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 61169887 - Page 1 of 1

I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this July 25, 2014

Certified Document Number: 61169887 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**